| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| DAVID W. WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al,<br><br>    Defendants. | Case No.: 1:18-cv-01508 LJO JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(Doc. 1)**<br><br>**14-DAY DEADLINE** |

Plaintiff has filed a complaint asserting claims against employees of the California Department of Corrections and Rehabilitation. (Doc. 1.) Generally, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

////

1

**I.     Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff's allegations arose while he was incarcerated at Valley State Prison ("VSP") in Chowchilla, California. He names the following defendants: VSP, the California Department of Corrections and Rehabilitation, VSP Chief Executive Officer T. Neal, VSP Chief of Mental

Health A. Shoji, Warden R. Fisher, Associate Warden Haven, Captain (Facility A) Waybright, Lieutenant (Facility A) Museli, Lieutenant Montoya, Counselor II Mary Gallarado, Counselor II Akino, Counselor I D. Delao, Counselor I Perez, Counselor I Narvette, Counselor I Hernandez, Sergeant T. Clark, Sergeant Hudson, Sergeant R. Rodriguez, Sergeant A. Bazan, Correctional Officer ("CO") R. Gonzalez-Avila, CO R. Perez, CO D. Chernault, CO G. Lucus, CO L. Mendoza, Senior Psychologist Rossi, Psychologist Ngo, Psychologist Cercious, and Psychologist Chang.

The complaint sets forth detailed allegations intended to impose liability on the defendants – individual and/or collectively – for violations of plaintiff's First, Eighth, and Fourteenth Amendment rights and the "Coleman 7 Point Plan per week." He claims arose following his transfer to VSP on September 19, 2018.

In Claim 1, plaintiff alleges that he should be housed in a single cell but is instead housed in a 6-man dorm with mentally-ill inmates, which results in the exacerbation of plaintiff's own mental health problems and creates sleep deprivation issues. Related to this claim, plaintiff alleges that he is discriminated against since non-mentally ill inmates are single-celled, that the 6-man dorms do not comply with state law and overcrowding reduction rules, and that Enhanced Outpatient ("EOP") inmates are denied jobs.

In Claim 2, plaintiff alleges that VSP retaliated against him for filing grievances concerning the single cell issue. He also claims that his continued placement in the dorms – in particular, in a bunk bed – causes pain because he is partially paralyzed in the mornings.

In Claim 3, plaintiff alleges that the VSP guards target EOP inmates for assault, use excessive force on these inmates, and threaten retaliation if the inmates complain.

By way of relief, plaintiff asks "[n]ot to be placed in Dorm Living or Double Cell Living." Compl. at 6. He also seeks injunctive relief in the form of, inter alia, placement in a single cell, permanent reduction of the inmate population, transfer to another facility, access to typewriter, exoneration of any RVR disciplinaries he received at VSP, and receipt of loaner televisions and radios. In addition, plaintiff seeks the demotion and sanction of various defendants. He also seeks specific forms of medical care, including 10 hours of group therapy a week, therapy conducted by

3

a non-CDCR psychologist once a week, and the right to wear orthotic sandals in Facility A. Lastly, plaintiff seeks damages.

**III. Discussion**

**A. Exhaustion of Administrative Remedies**

Because plaintiff is a prisoner suing over the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006); Jones v. Bock, 549 U.S. 199, 211 (2007)). Dismissal for failure to state a claim is appropriate where "a failure to exhaust is clear on the face of the complaint." Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (defendant may move for dismissal under Rule 12(b)(6) where exhaustion is clear on the face of the complaint); Davis v. Cal. Dep't of Corr. and Rehab., 474 Fed. Appx. 606, 607 (9th Cir. 2012) (district court properly dismissed case where it was clear on face of complaint that administrative remedies were not exhausted prior to filing).

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168.

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). To exhaust available administrative remedies, a

prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

**B. Analysis**

Review of plaintiff's complaint suggests that plaintiff did not exhaust his administrative remedies prior to initiating this case. This is based on the fact that plaintiff was transferred to VSP on September 19, 2018; he complains of practices and conduct occurring while he was housed there; and he initiated this action on October 29, 2018.[1] Though plaintiff indicates on the form complaint that he exhausted his administrative grievances prior to filing, see Compl. at 3-5, the Court finds it highly unlikely that plaintiff proceeded through all three levels of review of the administrative grievance process between these dates considering that the institution has 30 days for a first and second level response and up to 60 days for a third level response. Cal. Code Regs. tit. 15, § 3084.8(c). It thus appears from the face of the complaint that plaintiff did not exhaust his administrative remedies prior to filing suit.

**IV. Conclusion**

Based on the foregoing, the Court **ORDERS** plaintiff to show cause within fourteen days from the date of this order why this action should not be dismissed for failure to exhaust administrative remedies prior to the filing of the complaint.

IT IS SO ORDERED.

Dated: **May 23, 2019**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

---

[1] Although this case was actually opened on October 31, 2018, the prisoner mailbox rule applies, providing that when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). The form titled "Proof of Service by Mail by Person in State Custody" reveals that plaintiff submitted his complaint on October 29, 2018. (Doc. 1 at 26.) Accordingly, his complaint was constructively filed on that date.