UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al,<br><br>    Defendants. | **Case No.: 1:18-cv-01508 LJO JLT (PC)**<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(Docs. 1, 15)**<br><br>**14-DAY DEADLINE** |

On May 23, 2019, Plaintiff was directed to show cause why this action should not be dismissed for failure to exhaust administrative remedies. (Doc. 14.) On June 5, 2019, Plaintiff responded to the Court's Order. (Doc. 16.) For the reasons set forth here, the Court will recommend that this action be dismissed for Plaintiff's failure to state a claim and failure to exhaust administrative remedies prior to filing suit.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff has sued several Defendants for conduct occurring primarily while he was housed at Valley State Prison ("VSP") in Chowchilla, California, and for conduct that predates his arrival at VSP. He names the following defendants: VSP, the California Department of Corrections and Rehabilitation, VSP Chief Executive Officer T. Neal, VSP Chief of Mental Health A. Shoji, Warden R. Fisher, Associate Warden Haven, Captain (Facility A) Waybright, Lieutenant (Facility A) Museli, Lieutenant Montoya, Counselor II Mary Gallarado, Counselor II Akino, Counselor I D. Delao, Counselor I Perez, Counselor I Narvette, Counselor I Hernandez, Sergeant T. Clark, Sergeant Hudson, Sergeant R. Rodriguez, Sergeant A. Bazan, Correctional Officer ("CO") R. Gonzalez-Avila, CO R. Perez, CO D. Chernault, CO G. Lucus, CO L. Mendoza, Senior Psychologist Rossi, Psychologist Ngo, Psychologist Cercious, and Psychologist Chang.

The complaint sets forth detailed allegations intended to impose liability on the Defendants – individual and/or collectively – for violations of Plaintiff's First, Eighth, and Fourteenth Amendment rights and the "Coleman 7 Point Plan per week."

Plaintiff was transferred to VSP on September 19, 2018. In Claim 1, he alleges that he should be housed in a single cell but is instead housed in a 6-man dorm with mentally-ill inmates, which results in the exacerbation of Plaintiff's own mental health problems and creates sleep deprivation issues. Related to this claim, Plaintiff alleges that he is discriminated against since non-mentally ill inmates are single-celled, that the 6-man dorms do not comply with state law and overcrowding reduction rules, and that Enhanced Outpatient ("EOP") inmates are denied jobs.

In Claim 2, Plaintiff alleges that VSP retaliated against him for filing grievances concerning the single cell issue. He also claims that his continued placement in the dorms – in particular, in a bunk bed – causes pain because he is partially paralyzed in the mornings.

In Claim 3, Plaintiff alleges that the VSP guards target EOP inmates for assault, use excessive force on these inmates, and threaten retaliation if the inmates complain.

By way of relief, Plaintiff asks for expansive injunctive relief, to include "[n]ot to be placed in Dorm Living or Double Cell Living." Compl. at 6. He also seeks injunctive relief in the form of, inter alia, placement in a single cell, permanent reduction of the inmate population,

transfer to another facility, access to typewriter, exoneration of any RVR disciplinaries he received at VSP, and receipt of loaner televisions and radios. In addition, Plaintiff seeks the demotion and sanction of various VSP Defendants. He also seeks specific forms of medical care, including 10 hours of group therapy a week, therapy conducted by a non-CDCR psychologist once a week, and the right to wear orthotic sandals in Facility A. Lastly, Plaintiff seeks damages.

## IV. Discussion

### A. Exhaustion of Administrative Remedies

Because Plaintiff is a prisoner suing over the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006); Jones v. Bock, 549 U.S. 199, 211 (2007)). Dismissal for failure to state a claim is appropriate where "a failure to exhaust is clear on the face of the complaint." Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (defendant may move for dismissal under Rule 12(b)(6) where exhaustion is clear on the face of the complaint); Davis v. Cal. Dep't of Corr. and Rehab., 474 Fed. Appx. 606, 607 (9th Cir. 2012) (district court properly dismissed case where it was clear on face of complaint that administrative remedies were not exhausted prior to filing).

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168.

The State of California provides its inmates and parolees the right to appeal administratively

"any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

**B. Analysis**

As the Court noted in the May 23, 2019 order to show cause, Plaintiff's complaint suggests that he did not exhaust his administrative remedies prior to initiating this case. This determination is based on the fact that Plaintiff was transferred to VSP on September 19, 2018; he complains primarily of practices and conduct occurring while he was housed there; other than two entity Defendants (VSP and CDCR), all of the individual Defendants are VSP employees; and he initiated this action on October 29, 2018.[1]

Though Plaintiff indicated on the form complaint that he exhausted his administrative grievances prior to filing, see Compl. at 3-5, the Court found it highly unlikely that Plaintiff proceeded through all three levels of review of the administrative grievance process between these dates considering that the institution has 30 days for a first and second level response and up to 60 days for a third level response. Cal. Code Regs. tit. 15, § 3084.8(c). Plaintiff was therefore ordered to show cause why this action should not be dismissed for his failure to exhaust administrative remedies prior to filing suit.

In his response to the order to show cause, Plaintiff contends that he exhausted his administrative remedies prior to filing suit on those claims related to CDCR's alleged failure to comply with judicial directives in Coleman v. Brown, case no. 2:90–CV–520–KJM–DB (E.D. Cal), and Plata v. Schwarzenegger, case no. C–01–1351 TEH (N.D. Cal., filed Apr. 5, 2001). Even if Plaintiff exhausted the administrative remedies as to these claims, and insofar as he seeks systemic changes or orders directing compliance with the judicial directives in those cases, those pending

---

[1] Although this case was actually opened on October 31, 2018, the prisoner mailbox rule applies, providing that when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). The form titled "Proof of Service by Mail by Person in State Custody" reveals that plaintiff submitted his complaint on October 29, 2018. (Doc. 1 at 26.) Accordingly, his complaint was constructively filed on that date.

class actions serve as a bar here. Where a plaintiff is seeking injunctive relief on claims are subject to a consent decree, such claims must be pursued through the consent decree or class counsel. Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999); Crayton v. Terhune, C-98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002). Plaintiff may, however, pursue individual damages claims under section 1983, Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996), and he is not necessarily barred from seeking injunctive relief for his individual claim, Pride v. Correia, 719 F.3d 1130, 1137 (9th Cir. 2013). He cannot receive systemic injunctive relief against CDCR or VSP on these claims.[2] Similarly, insofar as Plaintiff requests declaratory and injunctive relief for violations of the Americans with Disabilities Act or the Rehabilitation Act pursuant to Armstrong v. Davis, No. 3:94–cv–2307 CW (N.D. Cal.), his claims may be brought only as part of the existing class action.[3] Thus, any claims against the entity Defendants—CDCR and VSP—must be dismissed for failure to state a claim.

As for Plaintiff's remaining claims against the individual VSP Defendants, the grievance and related institutional responses attached to his response to the order to show cause demonstrate that Plaintiff exhausted his administrative remedies on February 21, 2019, several months after he initiated this action. See Pl.'s Response to OSC Attach. (Doc. 16 at 42-45, 56-57). Notwithstanding

---

[2] Plaintiff is also barred from seeking damages against CDCR or VSP. This is because the Eleventh Amendment prohibits federal courts from hearing suits for money damages against a state without its consent. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). This bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). "Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." Brooks, 951 F.2d at 1053 (citations omitted). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature." Id. (citation omitted). Because the CDCR is a state agency and VSP is a part of the CDCR, both are immune to monetary damages for plaintiff's claims under the Eleventh Amendment.

[3] The Armstrong class action was filed in 1994 by "[a] certified class of all present and future California state prison inmates and parolees with disabilities [who] sued California state officials in their official capacities, seeking injunctive relief for violations of the RA and the ADA in state prisons." See Armstrong v. Wilson, 124 F.3d 1019, 1021 (9th Cir. 1997); see also Armstrong v. Davis, et al., No. 3:94–cv–2307 CW (N.D. Cal.)). In Armstrong, No. 94–cv–2307, the Northern District of California found that defendants had violated the ADA and RA and entered a remedial order and injunction under which CDCR must evaluate its programs and develop remedial plans to remedy violations of the ADA and RA while plaintiffs monitor defendants' compliance. See Armstrong v. Davis, 318 F.3d 965, 968 (9th Cir.2003); see also Armstrong Remedial Order (ECF No. 25–1), Armstrong Remedial Plan dated January 8, 1999 (ECF No. 25–2), and the Armstrong Remedial Plan as amended January 3, 2001 (ECF No. 25–3).

his failure to exhaust prior to filing suit, Plaintiff asserts that his complaint should be allowed to proceed under the "imminent danger exception" to 28 U.S.C. § 1915(g). That exception, however, is applicable only to determinations made in response to motions to proceed in forma pauperis. It has no bearing on whether this action can proceed on unexhausted claims. As to that question, the Ninth Circuit is clear that "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d at 1120.

**V.     Conclusion**

Based on the foregoing, the Court **DISCHARGES** the order to show cause; and

The Court **RECOMMENDS** that this action be dismissed for failure to state a claim and failure to exhaust administrative remedies prior to the filing of the complaint.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **June 12, 2019**                             **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE